TRIAL & TECHNOLOGY LAW GROUP
A PROFESSIONAL CORPORATION
ROBERT A. SPANNER SBN 60308
3723 HAVEN AVENUE, SUITE 132
MENLO PARK, CA 94025
PHONE: (650) 324-2223/(650) 324-2277
FAX: (650) 324-0178
email - ras@techtriallaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. KLYCE and CAROLE M. KLYCE,<br><br>    Plaintiffs,<br><br>v.<br><br>DOES 1-10,<br><br>    Defendants. | Case No.:<br><br>**DECLARATION OF MARK SEIDEN IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY** |

   Mark Seiden states and declares as follows:

   1. I am a computer scientist, and since the 1960's I have been professionally active in computer science research and development. I have an expertise in the field of forensic Internet investigations.

   2. I am currently a Senior Analyst in the Computer Science Lab of SRI International. I also am employed at Yahoo!, a provider of diverse Internet services, and am responsible for Internet security. Previously, I was the Director of Securify Labs. I have also previously worked at IBM Research, Bell Labs and Bellcore.

   3. During the past thirteen years, I have consulted in a number of cases involving computer intrusion, malware, and computer fraud and abuse. I have designed and implemented

a number of security protocols, including spam filters, firewalls, and email gateways. I have performed infrastructure security risk assessments in ten countries.

4. I have served as an expert consultant or expert witness for the U.S. Government in approximately ten cases, and I have served as an expert consultant or expert witness for the defendant in several criminal cases and half-a-dozen civil cases.

5. A unique Internet Protocol ("IP") address is assigned by an Internet Service Provider ("ISP") to each network connection directly using the ISP's services.

6. I have been engaged to assist Henry and Carole Klyce in identifying the cause and source of takeovers of each of their email accounts.

7. Carole has an email account at Yahoo! She lives in Piedmont, California, and the IP address of the computer she typically uses can be associated with that location. On inspection of her account's security information, we observed that at some point in time, a 917 area code telephone number was associated with this account by someone, but 917 is not a California area code; it is an area code in New York. There were also account recovery questions and answers supplied for the account which Carole told me she did not recognize. Henry Klyce has an email account at AOL. On inspection of his account's security information, we observed an account security question the answer to which Henry did not know, and we were unable to reset this question using the "forgot security question" flows. We believe that the unauthorized values for the questions and answers on both accounts are the result of unauthorized modifications to the account details by unknown intruder(s).

8. Whenever a person uses or attempts to use an Internet service, their IP address is used to communicate with the provider of that service. Accordingly, Yahoo! has business records reflecting the IP address of whomever had logged onto Carole Klyce's email account, including the IP address of unauthorized intrusions and unsuccessful intrusion attempts.

9. Because I am employed by Yahoo! I am familiar with its privacy policies. I am aware that Yahoo! will not voluntarily disclose – even to the account holder – the IP address of any person or entity who logged on (or attempted to log on) to a particular account. Nor will it

voluntarily disclose other data pertinent to that account, such as account recovery information (e.g. password questions and answers) known to it, or alternative communication channel data (such as other email addresses or telephone numbers). The only way to obtain any of the information covering this period from Yahoo! regarding a particular customer account is to subpoena it pursuant to a court order. My understanding is that AOL has the same requirement.

10. Once the IP address of an unauthorized intruder has been disclosed by Yahoo! pursuant to court order, the intruder's ISP can be identified from that IP address. One can then ascertain the actual identity of the intruder by serving a court-ordered subpoena on the intruder's ISP for information and documents identifying their customer then assigned that particular IP address. By the same token, if a telephone number is associated with an account takeover, the identity of the intruder can be determined from a telephone carrier through a court-ordered subpoena seeking the identification and detailed billing records of the customer who has been assigned that particular phone number. Detailed billing records or geolocation records of the telephone handset may be needed to determine the identity of the customer based on the usage of the phone when there is no accountholder information (for example, for a prepaid cell phone or other pay-as-you-go service).

11. I am familiar with the security practices of other ISPs and telecommunications companies. In the course of my work, I have spoken with security personnel at innumerable companies over the years regarding their procedures for responding to legal process, including subpoenas, seeking private customer information. Based on that experience, I can say with substantial certainty that neither an ISP nor a telephone carrier would disclose the physical identity and address of a customer assigned a given IP address or assigned a given telephone number without service of a court-ordered subpoena, and in many cases, generally, and in this case in particular this is the only way of determining the identity or location of the computer abuser(s) involved.

12. Time is of the essence in requesting information from providers of Internet services because the retention period varies among providers and for different kinds and levels of detail in

data. This inconsistency is due to the high volumes of data collected, the absence of standard requirements for retention, and provider concerns about subscriber privacy.

13. Email sent using an account on AOL or on Yahoo is typically saved automatically in a "Sent Mail" folder, where it can be subsequently reviewed unless deleted. Deleted mails are moved to a Trash bin folder where they may be reviewed until the provider automatically deletes them permanently or the user requests immediate permanent deletion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 5 day of May, 2011.

*[signature]*

Mark Seiden

- 4