TRIAL & TECHNOLOGY LAW GROUP
A PROFESSIONAL CORPORATION
ROBERT A. SPANNER SBN 60308
3723 HAVEN AVENUE #132
MENLO PARK, CA 94025
PHONE: (650) 324-2223
FAX: (650) 233-2790
email - ras@techtriallaw.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| | |
|---|---|
| HENRY KLYCE and CAROL KLYCE, | CASE NO. 11 CV 02248 WHA |
| PlaintiffS, | |
| v. | **PLAINTIFFS' EX PARTE MOTION FOR ADMINISTRATIVE RELIEF TO CONTINUE CASE MANAGEMENT CONFERENCE, AND MOTION TO EXTEND DATE FOR SERVICE OF PROCESS.** |
| DOES 1-10, | |
| Defendants. | |
| _____/ | |

Plaintiffs move, pursuant to Civ. L.R. 7-11 and 16-2(d), for 1) continuance of the Case Management Conference, currently scheduled for August 18, 2011 and 2) vacation of the date for filing a Joint Case Management Statement, currently scheduled for August 11, 2011, on the ground that the Doe Defendants have not yet been identified, and therefore no Defendant has been served.

**BACKGROUND**

Persons unknown have been illegally logging on to the email accounts of Carole and Henry Klyce. These persons, herein denominated as Does 1-10, have denied account access (Complaint, ¶¶7-8), deleted their email (Complaint, ¶9), read their personal email and replied to it, thereby impersonating Carole Klyce (Complaint, ¶10), changed the password security questions so that Carole Klyce was prevented from changing her password and locking these people out of her account (Complaint, ¶11), and so forth. On May 23, 2011 this Court entered

an Order authorizing Plaintiffs to serve subpoenas on their own Internet Service Providers ("ISP's") in order to determine the IP addresses of the persons unlawfully accessing and manipulating their accounts (when a person logs into an account, his or her IP address, a unique identifier, is captured by the Klyce's ISP).

Yahoo!, Carole Klyce's ISP, produced documents pursuant to the subpoena which disclosed hundreds of unauthorized log-ins, eight principal perpetrators, and three principal ISP's. Plaintiffs immediately filed, on July 7, 2011, the currently-pending request to this Court seeking authorization for the issuance of subpoenas to these three ISP's for the identity of the eight perpetrators [DOC 12]. Since Plaintiffs do not yet know the identity of the Doe Defendants, they cannot be served; so a Case Management Conference cannot be held.

Under L.R.7-11, a party can make a request for administrative relief where a statute or rule does not govern the situation presented[1]. L.R. 16-2(d) provides that a Case Management Conference can be continued for good cause. That is the case here, where the action is suspended in limbo until the three aforementioned ISP's can be served with subpoenas and the identities of the Doe Defendants discovered. Not only will the Case Management Conference have to be continued, but so will the ADR Compliance date as well.

Given the vicissitudes of service of process, including 1) whether the ISP's have accurate addresses for the persons whose identities are sought; 2) whether those persons (having received notice from their ISP that someone is seeking their identity) will be attempting to evade service; and 3) whether the intruders will file motions to quash the subpoenas in order to avoid disclosure of their identities, a 90-day continuance of the Case Management Conference and related dates is the bare minimum extension of time the circumstances warrant. There is simply no realistic prospect whatever of being able to hold a Case Management Conference on the date scheduled; indeed, by August 18th Plaintiffs will at best be trying to serve Doe Defendants, and at worst will be contending with motions to quash filed by anonymous Does, which will have to be heard

---

[1] The Rule requires a declaration. Plaintiffs rely on the declaration of Robert A. Spanner submitted in support of their motion for authorization of subpoenas to Comcast, Verizon, and Time Warner Cable [DOC 13], which explains why no Doe can be identified yet for purpose of service.

before their identity is revealed, as a matter of procedural due process.

For the reasons set forth herein and in Plaintiffs pending motion for the issuance of subpoenas to ISP's Verizon, Comcast, and Time Warner Cable, Plaintiffs urge that the dates currently set for the Case Management Conference, the filing of the Joint Case Management Statement, and the ADR Compliance Date be continued to a date convenient to the Court at least 90 days later than the currently scheduled dates.

For the selfsame reasons, Plaintiffs also move for an extension of the time in which to serve process. The Complaint in this action was filed on May 10, 2011. F.R.Civ.P.4(m) provides for dismissal if service is not effected within 120 days, but allows the Court to extend the time for service upon a showing of good cause.

The procedure set forth in the proposed order authorizing subpoenas to be served on Comcast, Verizon, and Time Warner Cable makes it probable that service will not be effected within 120 days. The proposed order requires these ISP's to withhold production until they have given notice of the subpoenas to the targets of the subpoenas and afforded them the specified time to file a motion to quash. If any motions to quash are filed, it is a virtual certainty that service of process will not be effected within 120 days, because the subpoena procedure and the disposition of noticed motions to quash will consume more than two months, and two months have already passed preparing motions authorizing service of the first round of subpoenas, serving them, negotiating with AOL and Yahoo!, waiting for them to produce, and then awaiting and discussing the expert's analysis of the data. Moreover, even if none of the eight targets of the second round of subpoenas files a motion to quash there is a realistic prospect that service cannot be effected within 120 days, since the subpoenas to Verizon, Comcast, and Time Warner Cable have not yet been served, and one of them might file a motion to quash of its own on behalf of its subscribers; or one of them may simply fail to timely produce responsive documents.

For any one of the foregoing reasons, the time to serve process should be extended by 90 days, since Plaintiffs have so far been prevented from serving the Doe Defendants "by factors beyond [their] control". *Mateo v. M/S Kiso*, 805 F.Supp. 792, 795 (N.D. Cal. 1992); *Hopscotch Adoptions, Inc. v. Kachadurian,* 2010 U.S. Dist. LEXIS 134271 (E.D. Cal. Dec. 20, 2010).

1  Plaintiffs have been prevented from serving the Doe Defendants because Plaintiffs do not know
2  who they are – but they have been diligently trying to find out.
3        Good cause for an extension of the time within which to serve process is apparent[2]. A
4  ninety-day extension would be appropriate under the circumstances[3].
5  **CONCLUSION**
6        Plaintiffs' motion to extend the Case Management and ADR dates should be granted
7  because no Doe Defendant has yet been identified; and Plaintiffs' motion to extend the service
8  date should be granted for the same reason.

10  Dated: July 11, 2011                           Respectfully submitted,

                                                    TRIAL & TECHNOLOGY LAW GROUP
                                                    A Professional Corporation
                                                    Attorneys for Plaintiffs HENRY KLYCE
                                                    and CAROLE KLYCE

                                                               /s/ Robert A. Spanner
                                                   By _____
                                                        Robert A. Spanner

---

[2] There is nothing in the Federal Rules which prevents the District Court from proactively extending the time for service of process before the 120-day period has run.

[3] It is true that there is time to bring this motion to extend the service period as a noticed motion – but it is also true that there is no one to serve notice upon. Moreover, these two motions are based on the same rationale and the same facts, and it would be a waste of judicial resources to bring up related motions twice.