TRIAL & TECHNOLOGY LAW GROUP
A PROFESSIONAL CORPORATION
ROBERT A. SPANNER SBN 60308
3723 HAVEN AVENUE #132
MENLO PARK, CA 94025
PHONE: (650) 324-2277
FAX: (650) 233-2790
email - ras@techtriallaw.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| | |
|---|---|
| HENRY KLYCE and CAROL KLYCE,<br><br>PlaintiffS,<br>v.<br><br>DOES 1-10,<br><br>Defendants.<br>_____/ | CASE NO.  11 CV 02248 WHA<br><br>**PLAINTIFFS' EX PARTE MOTION FOR ADMINISTRATIVE RELIEF TO CONTINUE THE CASE MANAGEMENT CONFERENCE** |

Plaintiffs move, pursuant to Civ. L.R. 7-11 and 16-2(d), for continuance of the Case Management Conference, currently scheduled for August 18, 2011, for just one or two weeks because: 1) the identity of several of the IP addresses was discovered just five days ago; 2) counsel for these Defendants has just been retained; and 3) Plaintiff's counsel has a pre-paid vacation the week of August 18, 2011.

**BACKGROUND**

Persons unknown have been illegally logging on to the email accounts of Plaintiff Carole Klyce.  These persons, denominated as Does 1-10, have: 1)  denied account access (Complaint, ¶¶7-8); 2)  deleted her email (Complaint, ¶9); 3)  read their personal email and replied to it, thereby impersonating Carole Klyce (Complaint, ¶10); and 4) changed the  password security questions so that Carole Klyce was prevented from changing her password and locking these people out of her account (Complaint, ¶11), among other things.   On May 23, 2011 this Court entered an Order authorizing Plaintiffs to serve subpoenas on their own Internet Service

1  Providers ("ISP's") in order to determine the IP addresses of the persons unlawfully accessing
2  and manipulating their accounts (when a person logs into an account, his or her IP address, a
3  unique identifier, is captured by the ISP).
4      Yahoo!, Carole Klyce's ISP, produced documents pursuant to the subpoena which
5  disclosed hundreds of unauthorized log-ins from eight IP addresses which had accounts with
6  three ISP's.  This Court authorized issuance of subpoenas to those three ISP's (Verizon,
7  Comcast, and Time Warner) for information disclosing the identity of those eight persons [DOC
8  18].
9      So far Verizon and Time Warner have produced in response to their respective
10 subpoenas.  Verizon identified one person who possessed three of the eight IP addresses in
11 question (Spanner Decl.,¶2) , and Time Warner identified another person (now deceased) who
12 possessed three of the eight IP addresses (Spanner Decl., ¶3).  A week ago counsel for the
13 Verizon customer contacted Plaintiff's counsel to identify himself (Spanner Decl., ¶5), and
14 counsel conferred regarding the case schedule.  During that conversation, Plaintiff's counsel
15 suddenly realized that the Case Management Conference had been set in the middle of his annual
16 one-week pre-paid vacation week at Stanford's summer camp, at which he holds a standing
17 annual reservation.  Failing to attend results in forfeiture not only of the thousands of dollars paid
18 for the week, but also loss of the annual reservation itself (Spanner Decl., ¶6), which it takes
19 years to get back.  Therefore, during that conversation I asked opposing counsel if he would mind
20 moving the CMC date to the next Thursday after August 18th.  Mr. Kreeft indicated that he *was*
21 available on the next CMC date, August 25th, as well as the following week, September 1, 2011;
22 but he expressed a preference for the latter date (Spanner Decl., ¶5).
23     Under L.R.7-11, a party may make a request for administrative relief where a statute or
24 rule does not govern the situation presented.  L.R. 16-2(d) provides that a Case Management
25 Conference may be continued for good cause.  There is good cause to grant the continuation
26 request, because:
27     1)    Plaintiffs' motion requests only a short continuance to accommodate counsel's
28           pre-paid vacation plans, and courts usually grant continuances in this

circumstance. *See, e.g., Jaffe v. Bank of Am., N.A.,* 667 F. Supp. 2d 1299, 1306 (C.D.Cal. 2009);

2) Defendants' counsel has not had adequate opportunity to bring himself up to speed in this case, which raises issues of some complexity;

3) Plaintiff only learned of the identities of the two Doe defendants within the past week;

4) the Complaint has not yet been served; and

5) granting the motion will not affect any other scheduled date; a continuation of the Joint CMC Statement filing date is not sought.

For the reasons set forth herein, the Case Management Conference should be continued for 14-28 days.

**CONCLUSION**

For the reasons set forth herein, the Case Management Conference should be deferred 14-28 days, so that all defense counsel can be present.

Dated: August 7, 2011                         Respectfully submitted,

                                              TRIAL & TECHNOLOGY LAW GROUP
                                              A Professional Corporation
                                              Attorneys for Plaintiffs


                                                   /s/ Robert A. Spanner
                                              By _____
                                                   Robert A. Spanner

**ORDER**

Good cause appearing, and there being no opposition to Plaintiff's motion to continue the Case Management Conference, Plaintiff's motion is GRANTED. The Case Management Conference in this case is re-scheduled to _____, 2011 at 11:00 a.m. in Courtroom 9.

Dated: _____         _____
                                   UNITED STATES DISTRICT COURT JUDGE