TRIAL & TECHNOLOGY LAW GROUP
A PROFESSIONAL CORPORATION
ROBERT A. SPANNER SBN 60308
3723 HAVEN AVENUE #132
MENLO PARK, CA 94025
PHONE: (650) 324-2277
FAX: (650) 233-2790
email - ras@techtriallaw.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| | |
|---|---|
| HENRY KLYCE and CAROL KLYCE,<br><br>　　　　Plaintiffs,<br>v.<br><br>DOES 1-10,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 11 CV 02248 WHA<br><br>**PLAINTIFFS' [CORRECTED] EX PARTE MOTION FOR ADMINISTRATIVE RELIEF TO CONTINUE THE CASE MANAGEMENT CONFERENCE AND THE DUE DATE FOR THE JOINT CMC STATEMENT.** AND ORDER |

[This motion and proposed order supersedes the prior motion for administrative relief filed over the weekend. Pertinent facts arose over the weekend which are recited herein, but omitted from the prior memorandum. The mistake arose because the two memoranda had almost identical names. Counsel regrets the error, and apologizes to the Court.]

Plaintiffs move, pursuant to Civ. L.R. 7-11 and 16-2(d), for continuance of the Case Management Conference, currently scheduled for August 18, 2011, for just one or two weeks because: 1) the identity of several of the IP addresses was discovered just five days ago; 2) counsel for these Defendants has just been retained; and 3) Plaintiff's counsel has a pre-paid vacation the week of August 18, 2011.

**BACKGROUND**

Persons unknown have been illegally logging on to the email accounts of Plaintiff Carole Klyce. These persons, denominated as Does 1-10, have: 1) denied account access (Complaint,

¶¶7-8); 2) deleted her email (Complaint, ¶9); 3) read their personal email and replied to it, thereby impersonating Carole Klyce (Complaint, ¶10); and 4) changed the password security questions so that Carole Klyce was prevented from changing her password and locking these people out of her account (Complaint, ¶11), among other things. On May 23, 2011 this Court entered an Order authorizing Plaintiffs to serve subpoenas on their own Internet Service Providers ("ISP's") in order to determine the IP addresses of the persons unlawfully accessing and manipulating their accounts (when a person logs into an account, his or her IP address, a unique identifier, is captured by the ISP).

Yahoo!, Carole Klyce's ISP, produced documents pursuant to the subpoena which disclosed hundreds of unauthorized log-ins from eight IP addresses which had accounts with three ISP's. This Court authorized issuance of subpoenas to those three ISP's (Verizon, Comcast, and Time Warner) for information disclosing the identity of those eight persons [DOC 18].

So far Verizon and Time Warner have produced in response to their respective subpoenas. Verizon identified one person who possessed three of the eight IP addresses in question (Spanner Decl.,¶2) , and Time Warner identified another person (now deceased) who possessed three of the eight IP addresses (Spanner Decl., ¶3). A week ago counsel for the Verizon customer contacted Plaintiff's counsel to identify himself (Spanner Decl., ¶5), and counsel conferred regarding the case schedule. During that conversation, Plaintiff's counsel suddenly realized that the Case Management Conference had been set in the middle of his annual one-week pre-paid vacation week at Stanford's summer camp, at which he holds a standing annual reservation. Failing to attend results in forfeiture not only of the thousands of dollars paid for the week, but also loss of the annual reservation itself (Spanner Decl., ¶6), which it takes years to get back. Therefore, during that conversation I asked opposing counsel if he would mind moving the CMC date to the next Thursday after August 18th. Mr. Kreeft indicated that he *was* available on the next CMC date, August 25th, as well as the following week, September 1, 2011;

but he expressed a preference for the latter date (Spanner Decl., ¶5)[1].

Under L.R.7-11, a party may make a request for administrative relief where a statute or rule does not govern the situation presented. L.R. 16-2(d) provides that a Case Management Conference may be continued for good cause. There is good cause to grant the continuation request, because:

1) Plaintiffs' motion requests only a short continuance to accommodate counsel's pre-paid vacation plans, and courts usually grant continuances in this circumstance. *See, e.g., Jaffe v. Bank of Am., N.A.*, 667 F. Supp. 2d 1299, 1306 (C.D.Cal. 2009);

2) Due to the protracted, multi-month process required by law to identify an Internet miscreant, Defendants' counsel has just learned of this case, and has not had adequate opportunity to bring himself up to speed in this case, which raises issues of some complexity;

3) Plaintiffs only learned of the identities of the two Doe defendants within the past few days, and so has not yet noticed a motion for leave to amend to substitute the newly-identified parties;

4) Plaintiffs cannot effect service of process until the Complaint has been amended; and

5) there is no way to compel opposing counsel to participate in the case management process until service has been effected.

For the reasons set forth herein, the Case Management Conference and the CMC Statement should be continued for 14 to 28 days, to provide time to amend the Complaint, issue the Summons, receive the production of Comcast due imminently and determine if Comcast is identifying any additional defendants serve the First Amended Complaint, and receive the input of Defendants' counsel (however many may appear) for both the Joint CMC Statement and the

---

[1] In a subsequent voicemail over the weekend on August 5th, Mr. Kreeft noted that service had not been effected, suggesting that he would not participate in the Case Management Conference. These motion papers are being served on him by express mail on August 8, 2011.

Case Management Conference.[2]

**CONCLUSION**

For the reasons set forth herein, the Case Management Conference and the Joint Case Management Conference Statement dates should be re-scheduled, and pushed out 14 to 28 days.

Dated: August 8, 2011

Respectfully submitted,

TRIAL & TECHNOLOGY LAW GROUP
A Professional Corporation
Attorneys for Plaintiffs

/s/ Robert A. Spanner
By _____
Robert A. Spanner

**ORDER**

Good cause appearing, and there being no opposition to Plaintiff's motion to continue the Case Management Conference, Plaintiff's motion is GRANTED. The Case Management Conference in this case is re-scheduled to  September 1 , 2011 at 11:00 a.m. in Courtroom 9, and the Joint Case Management Conference Statement – inclusive of the input of all defense counsel – shall be filed seven days in advance of the Conference.

Dated: August 10, 2011.

_____
UNITED STATES DISTRICT COURT JUDGE

APPROVED
Judge William Alsup

---

[2] This Court previously denied Plaintiffs' motion to continue the Case Management Conference for 90 days; the rationale was the objective of receiving at least Plaintiffs' input about the case. But much has happened since then – the Doe Defendants have been identified, and their counsel has stepped forward. Moreover, Comcast – the third ISP – is due to produce imminently, and it may identify *additional* defendants who will have to be served. Accordingly, time should be allowed to permit a true Joint Case Management Conference Statement to be filed, and to allow counsel for all parties to participate in the Case Management Conference.