TRIAL & TECHNOLOGY LAW GROUP
A PROFESSIONAL CORPORATION
ROBERT A. SPANNER SBN 60308
3723 HAVEN AVENUE #132
MENLO PARK, CA 94025
PHONE: (650) 324-2277
FAX: (650) 233-2790
email - ras@techtriallaw.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| HENRY KLYCE and CAROL KLYCE, | CASE NO. 11 CV 02248 WHA |
| Plaintiffs, | |
| v. | **PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT** |
| JOHN WHEELER, *et. al.,* | |
| Defendants. | Date: Sept. 1, 2011<br>Time: 11:00 a.m<br>Crtrm: 9 |
| _____/ | |

**INTRODUCTION**

This Case Management Conference Statement is submitted by counsel for Plaintiffs. Counsel for Defendant Katherine Klyce indicates that he will submit his contributions shortly in a revised Joint Case Management Conference Statement. Plaintiff's counsel has received no other communications from any other defendant or counsel.

1. **JURISDICTION AND VENUE**

This action arises under 18 U.S.C. §1030 (the Computer Fraud and Abuse Act) and 18 U.S.C. §§ 2701 and 2707 (the Stored Communications Act). Plaintiffs also assert claims under Cal. Pen. Code §528.5, Cal. Pen. Code §502, and Cal. Bus. & Prof. Code §17200. Jurisdiction in based on 28 U.S.C. §1331. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. §1367. Venue is proper pursuant to 28 U.S.C. §1391(b)(2). There is no apparent issue of personal jurisdiction or venue.

2.  **STATEMENT OF FACTS**

Plaintiff Henry Klyce is a successful entrepreneur, having founded and sold four medical device companies.  He allowed his sisters, Defendants Katherine Klyce and Ellen Klyce, to participate in these ventures as early stage investors, from which they each reaped profits of several million dollars.  Plaintiff Henry Klyce cut his sisters out of subsequent early-stage opportunities, and they are not investors in his current startup.  This enraged the sisters, who were both under financial pressure, and they formed a conspiracy, along with Katherine Klyce's husband John Wheeler, to harrass and intimidate Plaintiffs through various forms of cyberattacks.  John Wheeler (recently deceased) was instrumental to Defendants' scheme, for he was one of the foremost cyberwarfare experts in the country, and knew how to circumvent the defenses of Internet Service Providers ("ISP's") against unauthorized intrusions of their subscribers' email accounts.  The object of the conspiracy was to force Plaintiff Henry Klyce, through cyberstalking, email intrusions, and e-personation, to accede to their demands to be reinstated as early-stage investors.

On August 3, 2011 and August 4, 2011 Time Warner Cable and Verizon, pursuant to subpoena, identified Katherine Klyce and her husband, John Wheeler, as holders of six of the eight IP addresses used to invade Carole Klyce's email account at Yahoo!   Subsequently, Comcast  identified Ellen Klyce as the holder of some of the eight IP addresses as well.  All of these parties have been named in the First Amended Complaint filed herewith.

This case seeks damages and injunctive relief for hundreds of intrusions upon the e-mail account of Carol Klyce on Yahoo!, during which her files were deleted, her password was changed, and the intruders sent nasty and aggressive emails to family members from her account, thereby e-personating her.  At the same time, intruders established a phony email account in the name of klycehenry@yahoo.com, which account was used to inquire about college entrance and car insurance, resulting in numerous solicitations being sent to Henry Klyce.

This kind of cyberstalking results in severe emotional distress.  According to a presentation at this year's American Psychological Association Convention, "the symptoms related to cyberstalking and e-harassment may be more intense than in-person harassment, as the

impact is more devastating due to the 24/7 nature of online communication, inability to escape to a safe place, and global access of the information."

Plaintiffs' damages consist of: a) high stress levels, anxiety, fear, and intense emotional distress; and b) incurring the expense of experts and attorneys to identify the perpetrators and put an end to end to the cyberstalking, hacking, and intrusions.

3. **LEGAL ISSUES**

Plaintiffs are not aware of any legal issues; the case appears to be a simple hacking and cyberstalking action.

4. **MOTIONS**

There are no pending motions.

5. **AMENDMENT OF PLEADINGS**

The First Amended Complaint, identifying the true names of the defendants sued under the fictitious names of Does 1-4, is filed herewith. Service will be promptly effected.

6. **EVIDENCE PRESERVATION**

Plaintiffs have sent Defendant's counsel and Ellen Klyce a detailed evidence preservation letter. Plaintiffs' counsel has also instructed his clients to preserve evidence.

7. **INITIAL DISCLOSURES**

Due to the very recent discovery of the true identity of the Defendants and the necessity to amend before serving the Complaint, Plaintiffs have not made initial disclosures yet.

8. **DISCOVERY**

As the Complaint has not been served, there has been no discovery.

9. **CLASS ACTIONS**

Not applicable.

10. **RELATED CASES**

Not applicable.

11. **RELIEF SOUGHT**

Plaintiffs seek a reasonable award for damages attributable to extreme emotional distress. Plaintiffs also seek $4 million in punitive damages due to the egregious nature of the hacking. its

1  protracted extent, and the extortion attempted by the Defendants to effect the purposes of their
2  conspiracy and restore their ability to make millions of dollars in off Plaintiff's new ventures.
3  Plaintiffs are also entitled to costs, expert witness fees, and attorneys fees under the statutes
4  asserted, and injunctive relief.

5      12. **SETTLEMENT, ADR**
6      Due to the fact that the Complaint has not been served, there are no ADR requirements at
7  this time. Plaintiffs believe that document discovery and depositions of the parties will be
8  necessary to position the case for settlement.

9      13. **CONSENT TO MAGISTRATE JUDGE**
10     Plaintiffs do not consent.

11     14. **REFERENCE TO ANOTHER TRIBUNAL**
12     There is no basis for reference to another tribunal.

13     15. **NARROWING OF ISSUES**
14     In these Internet cyber-terrorism cases, Plaintiffs are usually able to demonstrate by a
15 great preponderance of the evidence that the illegal communications originated from the
16 Defendants' IP address, and the typical defendant often responds with the defense that,
17 notwithstanding the fact that the illegal communications came from his or her IP address, he or
18 she wasn't the one who sent the communications. Therefore, it would be of great assistance to
19 the swift resolution of this case to order the Defendants to immediately provide all of their
20 computers to Plaintiffs' expert forensic computer examiner to ascertain whether the illegal acts
21 alleged in the First Amended Complaint emanated from their computers.
22     Plaintiffs see no basis to bifurcate issues.

23     16. **EXPEDITED SCHEDULE**
24     Plaintiffs do not see any basis for expediting the case; it has, after all, taken several
25 months just to find out who the defendants are.

26     17. **SCHEDULING**
27     Plaintiff tentatively proposes six months for discovery, and six weeks for expert
28 discovery, with summary judgment motions to be filed four weeks thereafter, and with trial to be

Plaintiffs' CMC Statement     4
Case No. 11 CV 92248 WHA

scheduled according to the Court's trial schedule. Defendants have not discussed scheduling with Plaintiffs' counsel yet.

18. **TRIAL**

Opposing counsel has not discussed court or jury trial with Plaintiffs' counsel.

Plaintiffs' estimate of trial is 8 days if there is a material difference of expert opinion and if Plaintiff is required to put all four ISP's on the stand to authenticate documents.

19. **RULE 3-16 CERTIFICATION**

Neither party has filed a L.R. 3-16 certification. Plaintiffs hereby state and affirm, pursuant to L.R. 3-16(b)(1), that no party other than themselves personally have a financial interest in the subject matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. **OTHER MATTERS**

Not applicable.

Dated: August 25, 2011

TRIAL & TECHNOLOGY LAW GROUP
A Professional Corporation
Attorneys for Plaintiffs
HENRY AND CAROLE KLYCE

By /s/ Robert A. Spanner
_____
Robert A. Spanner