TRIAL & TECHNOLOGY LAW GROUP
A PROFESSIONAL CORPORATION
ROBERT A. SPANNER, SBN 60308
3723 HAVEN AVENUE, SUITE 132
MENLO PARK, CA 94025
PHONE: (650) 324-2277
FAX: (650) 324-0178
email - ras@techtriallaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| | |
|---|---|
| HENRY A. KLYCE and CAROLE M. KLYCE, | CASE NO. CV 11 02248 WHA |
| Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| v. | |
| JOHN WHEELER; KATHERINE KLYCE; KATHERINE KLYCE AS TRUSTEE AND ADMINISTRATRIX OF THE ESTATE OF JOHN WHEELER; ELLEN KLYCE; AND DOES 5-10, inclusive, | |
| Defendants. | |

For their Complaint Plaintiffs Henry A. Klyce and Carole M. Klyce state as follows:

**THE PARTIES**

1.   Plaintiff Henry A. Klyce is a serial entrepreneur.  He has founded and sold four medical device companies, and recently initiated his fifth.  At all material times mentioned herein, he resided in this District – first in Piedmont, and presently in San Francisco.

2.   Plaintiff Carole M. Klyce is the wife of Henry Klyce, and also at all material times mentioned herein resided in this District.

3.   Defendant Katherine Klyce is substituted herein for the party fictitiously named

as Doe 2. Her identity has recently become known as a result of subpoenas issued to her Internet Service Providers ("ISP's"). She is a sister of Plaintiff Henry Klyce. Katherine Klyce is, on information and belief, the Administrator and/or Trustee of the Estate of John Wheeler, and is sued in that capacity as well.

4. Defendant Ellen Klyce is substituted herein for the party fictitiously named as Doe 3. Her identity has recently become known as a result of subpoenas issued to her Internet Service Providers ("ISP's"). She is a sister of Plaintiff Henry Klyce.

5. Defendant John Wheeler is substituted herein for the party fictitiously named as Doe 1, as his identity has just recently become known as a result of subpoenas issued to his ISP's. At all material times mentioned herein, he was the husband of Katherine Klyce. He is recently deceased.

6. Mr. Wheeler was a West Point graduate. During his military career Mr. Wheeler developed an expertise in cyberwarfare, and recognized early on the offensive capabilities of the Internet. His background included the following:

a) he was instrumental in bringing the Air Force Cyber Command into existence;

b) he was a guiding force in the establishment of the Cyber Research Center of the Air Force Institute of Technology;

c) as a Special Assistant to the Acting Assistant Secretary of the Air Force in 2008, he was responsible for the military's cyberspace capabilities.

## JURISDICTION AND VENUE

7. This action arises under 18 U.S.C. §1030 (the Computer Fraud and Abuse Act) and 18 U.S.C. §§ 2701 and 2707 (the Stored Communications Privacy Act). Plaintiffs also assert claims under Cal. Pen. Code §528.5, Cal. Pen. Code §502, and Cal. Bus. & Prof. Code

First Amended Complaint
Case No.  CV 11 02248 WHA                - 2 -

§17200.  Jurisdiction in based on 28 U.S.C., §1331.  This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. §1367.

### INTRADISTRICT ASSIGNMENT

8.     The acts and occurrences alleged herein arose in this Division, and the liabilities arising on the part of the Defendants arose in this Division.

### DEFENDANTS' SCHEME

9.     For several years, Plaintiff allowed his sisters to participate as early stage investors in his ventures.  Both sisters realized gains of several million dollars as a result of his munificence. However, after a family feud Henry Klyce cut his sisters out of his subsequent venture deals, including his current medical device venture, depriving them of potentially millions of dollars of additional profits.  Defendants Ellen Klyce and Katherine Klyce were enraged, because, on information and belief, they were experiencing financial difficulties; and, on information and belief, they entered into a conspiracy with each other and Defendant Wheeler the object of which was to induce Plaintiff Henry Klyce to restore their capacity to make early stage investments in his start-ups.

10.    To that end they initiated a campaign of cyberterror against Plaintiffs Carole and Henry Klyce, guided by the Internet expertise of Defendant Wheeler, with the object of threatening unending and intensified harrassment., cyberstalking, and hacking of Plaintiff Henry Klyce and his family,  and of their email accounts, as id set forth more fully below, until he capitulated.  On information and belief, Defendant Wheeler assured his wife that they could not be detected, and taught Ellen and Katherine Klyce how to, *inter alia,* break into an email account and seize control of it, and how to set up an email account in another person's name, utilizing the military expertise he had gained in cyberwarfare.

First Amended Complaint
Case No.  CV 11 02248 WHA                - 3 -

11. In furtherance of their conspiracy, Defendants committed the offenses against Plaintiffs set forth below.

### DEFENDANTS' TORTIOUS AND ILLEGAL CONDUCT

12. Defendants repeatedly deprived Carole Klyce of access to her own email account.

13. Defendants frequently deleted Ms. Klyce' email, and on some occasions even entire email folders organized by her.

14. Defendants impersonated Ms. Klyce by seizing control of her email account and sending offensive emails to her family and friends purporting to come from Carole Klyce herself, causing the recipients great anguish and Carole Klyce great humiliation and emotional distress when she was unjustly upbraided by the aforementioned recipients for sending the offending emails.  The identity of these family and friends were discovered by Defendants by reading her email.

15. Defendants also changed Ms. Klyce' account recovery information so that she could not change her password in an effort to deny them access to her account.

16. In or about February, 2011 Defendants set up a phony email account at Yahoo! under the name "klycehenry@yahoo.com" and initiated mass emailings in Mr. Klyce' name to car insurance companies and college admissions offices expressing an interest in their services.  Mr. Klyce suddenly started receiving offers of car insurance and solicitations from college admissions personnel, and these solicitations continue to this day.

17. Plaintiffs have incurred expenses in excess of five thousand dollars on computer experts to identify the cause of their email problems and the perpetrator of the foregoing malevolent acts.

First Amended Complaint
Case No.  CV 11 02248 WHA                             - 4 -

18.     Plaintiffs have suffered economic damage and embarrassment as a result of the foregoing acts of Defendants, as well as severe emotional distress due to being continuously preyed upon by Defendants.

## FIRST CAUSE OF ACTION
**(Stored Communications Act)**

19.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 18 above.

20.     Yahoo!, Plaintiff's ISP, is, and at all material times alleged herein was, a facility from which electronic communication services are and were provided.

21.     Defendants, with malice aforethought, unlawfully accessed Yahoo!'s computers and facilities without authorization, for the purpose of committing the acts alleged herein.

22.     Defendants also obtained access to, altered, and prevented Plaintiffs' access to, wire and electronic communications while in electronic storage at Yahoo!

23.     Plaintiffs are entitled to recover all losses and expenses incurred as a result of Defendants' unlawful actions, including attorney's fees and costs.

24.     Plaintiffs are also entitled to injunctive relief to prevent the commission of the foregoing unlawful acts in the future.

25.     Plaintiffs are also entitled to punitive damages, because the foregoing acts were, on information and belief, committed with malice and for the purpose of injuring Plaintiffs and reaping large profits for themselves.  Defendants' conduct was also oppressive, causing Plaintiffs to live in dread of the next incident.  Defendants' conduct was also fraudulent, in concealing their identity, in conducting the acts alleged herein surreptitiously and without informing Plaintiffs that their email accounts had been compromised, and in misleading the recipients of email they caused to be generated from Carole Klyce' account and giving the false

First Amended Complaint
Case No. CV 11 02248 WHA          - 5 -

impression that they had been sent by Carole Klyce.

## SECOND CAUSE OF ACTION
### (Violation of Computer Fraud and Abuse Act)

26. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 25 above.

27. Defendants unlawfully and without authorization accessed, through interstate commerce, the computers at Yahoo's facilities upon which Plaintiffs' email resided, and then loaded a computer program, code, or commands thereon which enabled them to seize control of Plaintiffs' email accounts so that they could effect the unlawful acts herein alleged. Defendants also obtained information and data from the aforesaid emails of Plaintiffs, which they used to commit the fraudulent and tortious conduct alleged herein.

28. Defendants' acts constituted a violation of 18 U.S.C. §1030.

29. Plaintiffs have suffered damages exceeding $5,000 during the preceding year attributable to Defendants' acts, and Defendants' conduct has resulted in severe emotional distress to Plaintiffs for which compensation is due.

30. Defendants are liable for punitive damages for committing the acts alleged herein, as well as injunctive relief to prevent their unlawful conduct in the future.

## THIRD CAUSE OF ACTION
### (Comprehensive Computer Data Access and Fraud Act)

31. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 30 above.

32. Defendants knowingly and intentionally accessed Yahoo's computers without authorization and altered, deleted, and destroyed data belonging to Plaintiffs in furtherance of a scheme to deceive and defraud Plaintiffs, in violation of Cal. Pen. Code §502(c)(l).

33. Defendants knowingly and intentionally and without authorization took, copied, and made use of Plaintiff's emails residing on Yahoo's computers, in violation of Cal. Pen.

First Amended Complaint
Case No. CV 11 02248 WHA                      - 6 -

Code §502(c)(2).

34. Defendants knowingly and intentionally and without authorization accessed, altered, and deleted Plaintiff's emails residing on Yahoo's computers, in violation of Cal. Pen. Code §502(c)(4).

35. Defendants knowingly and intentionally and without authorization disrupted Yahoo's provision of email services to Plaintiffs by denying Plaintiffs access to their email accounts, in violation of Cal. Pen. Code §502(c)(5).

36. Defendants knowingly and intentionally and without authorization assisted each other in accessing Yahoo's computers servicing Plaintiff's email accounts, in violation of Cal. Pen. Code § 502(c)(6).

37. Defendants knowingly and intentionally and without authorization accessed Yahoo's computers, in violation of Cal. Pen. Code §502(c)(7).

38. Defendants knowingly and intentionally and without authorization used Plaintiff's domain and user name in connection with the sending of numerous electronic mail messages, in violation of Cal. Pen. Code §502(c)(9).

39. Plaintiffs are entitled to recover for their losses and expenses, incurred as a result of Defendants' unlawful actions, including attorney's fees and costs.

40. Plaintiffs are also entitled to injunctive relief to prevent the commission of the foregoing unlawful acts in the future.

41. Plaintiffs are also entitled to punitive damages, because the foregoing acts were committed with malice and for the purpose of injuring Plaintiffs.

First Amended Complaint
Case No. CV 11 02248 WHA         - 7 -

## FOURTH CAUSE OF ACTION
### (Penal Code §528.5)

42. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 41 above.

43. In doing the acts alleged herein, Defendants knowingly and without authorization impersonated Plaintiffs for the purpose of 1) defrauding Plaintiffs and the recipients of the phony emails they sent; and 2) intimidating and humiliating Plaintiffs.

44. The impersonations conducted by Defendants were credible, in that the persons to whom the phony emails were sent did in fact believe that the phony emails were genuine, and acted accordingly as aforesaid.

45. In doing the acts alleged herein, Defendants acted with wilful malice, for the purpose of injuring Plaintiffs, and succeeded in doing so.

46. In doing the acts alleged herein, Defendants conduct was oppressive.

47. In doing the acts alleged herein, Defendants acted fraudulently, and did in fact deceive Plaintiffs, Yahoo's technical staff, and all of the persons to whom Defendants sent fraudulent email.

48. Accordingly, Plaintiffs are entitled to punitive damages, an injunction preventing a continuation of such practices, and declaratory relief.

49. Defendants are also liable for Plaintiffs' attorney's fees in bringing this action.

## FIFTH CAUSE OF ACTION
### (Bus.&Prof. Code §17200)

50. Plaintiff realleges and incorporates by reference Paragraphs 1 through 47 above.

51. In deceptively seizing control of email accounts in Plaintiffs' names without Plaintiffs' knowledge, in deceiving recipients of emails by causing those emails to originate from Plaintiffs' email accounts, and in opening email accounts in Plaintiffs' names without their

First Amended Complaint
Case No. CV 11 02248 WHA           - 8 -

knowledge or consent, Defendants acted fraudulently, and are therefore liable under Bus. & Prof. Code §17200.

52. By assuming dominion and control over Plaintiffs' email accounts, by deceiving Plaintiffs and recipients of emails as aforesaid, and by opening email accounts in Plaintiffs' names, Defendants violated the foregoing state and Federal statutes, and are accordingly liable under Bus & Prof. Code §17200.

53. Plaintiffs are entitled to recover all losses and expenses incurred as a result of Defendants' unlawful actions, plus attorney's fees and costs.

54. Plaintiffs are also entitled to injunctive and declaratory relief to prevent the commission of the foregoing unlawful acts in the future.

## SIXTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**

55. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 54, inclusive.

56. Plaintiffs suffered severe emotional distress, anxiety, and physical symptoms as a result of the aforesaid symptoms. Scientific research indicates that stalking, hacking, and unauthorized intrusion is more stressful and causes greater emotional distress than the same conduct causes in the physical world.

WHEREFORE, Plaintiffs pray for relief as follows:

1. For compensatory damages;

2. For recovery of attorneys fees;

3. For punitive damages;

4. For a declaration that Defendants' conduct was unlawful;

First Amended Complaint
Case No. CV 11 02248 WHA           - 9 -

5. For injunctive relief prohibiting Defendants from committing in the future the unlawful acts set forth herein; and

6. For such other and further relief as the Court deems just and appropriate.

Dated: Aug. 24, 2011

TRIAL & TECHNOLOGY LAW GROUP
A Professional Corporation
Attorneys for Plaintiffs
Carole M. and Henry A. Klyce

/s/ Robert A. Spanner
By _____
    Robert A. Spanner

First Amended Complaint
Case No.  CV 11 02248 WHA         - 10 -