TRIAL & TECHNOLOGY LAW GROUP
A PROFESSIONAL CORPORATION
ROBERT A. SPANNER SBN 60308
3723 HAVEN AVENUE, Suite 132
MENLO PARK, CA 94025
PHONE: (650) 324-2277
FAX: (650) 324-0178
email - ras@techtriallaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| | |
|---|---|
| HENRY KLYCE and CAROLE KLYCE,<br><br>　　　　Plaintiffs,<br>v.<br><br>JOHN WHEELER, *et. al.*,<br><br>　　　　Defendants.<br>_____/ | CASE NO.  11 CV 02248 WHA<br><br>**NOTICE OF MOTION AND MOTION TO CONTINUE SETTLEMENT CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT A. SPANNER**<br><br>Date:　November 2, 2011<br>Time:　9:00 a.m.<br>Crtrm: Hon. Bernard Zimmerman |

　　　PLEASE TAKE NOTICE that Plaintiffs Henry and Carole Klyce will appear before the Hon. Bernard Zimmerman on November 2, 2011 and will, and hereby do, move for an order continuing the settlement conference presently set for November 7, 2011 to January 30, 2012. This motion is based on the Memorandum of Points and Authorities herein, the Declaration of Robert A. Spanner attached hereto, and all records and pleadings on file in this action.

Dated:  Sept. 30, 2011　　　　　　　　　TRIAL & TECHNOLOGY LAW GROUP
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　　　　　　　　　　　　　HENRY and CAROLE KLYCE

　　　　　　　　　　　　　　　　　　　　　　　/s/ Robert A. Spanner
　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　Robert A. Spanner

## MEMORANDUM OF POINTS AND AUTHORITIES

**INTRODUCTION**

Two weeks ago, on September 14. 2012, this Court scheduled a settlement conference for November 17, 2011 without prior notification to the parties.  There is good cause for a modest continuance of this settlement conference to avoid a substantial miscarriage of justice, and to assure a meaningful and fully-informed decision, which a November 17 settlement conference does not permit.  First, the Defendants are intentionally withholding disclosure of their cross-claims from Plaintiffs' counsel so that they can spring the cross-claims on the Plaintiffs on the day of the settlement conference.  Second, there are forensic matters (specifically, whether the Defendants' computers show that they sent the commands that effected the offense, and whether Defendants' computers reflect significant deletions of files) that need to be determined before the parties can intelligently participate in a settlement conference.

**I.     THE DEFENDANTS ARE WITHHOLDING DISCLOSURE OF THEIR CROSS-CLAIMS UNTIL THE DAY OF THE SETTLEMENT CONFERENCE.**

On September 14, 2011 the parties held their Rule 26 conference and a meet-and-confer discovery conference.  During that teleconference, counsel for Defendant Ellen Klyce informed Plaintiffs' counsel that: 1) on their response date they would be filing a 30(b)(6) motion to dismiss; and 2) in January, 2012, after resolution of the motion to dismiss, they would file cross-claims. Plaintiffs' counsel then asked counsel if he would disclose the cross-claims prior to the upcoming settlement conference so Plaintiffs' counsel could familiarize himself with them, but counsel stated that he would not disclose them until the settlement conference.  Plaintiffs' counsel noted that he could not respond at the settlement conference to cross-claims he hadn't seen, and that counsel was taking advantage of the situation created by the early setting of a settlement conference, which counsel confirmed was precisely the case (*see* Spanner Decl., ¶2-3).

The Federal courts do not tolerate this kind of sandbagging.  Although this Court cannot force the Defendants to disclose their cross-claims before they actually file them, it can readily interdict their ambush by postponing the settlement conference until Jan. 30, 2012, by which time

Defendants' cross-claims will have been filed and Plaintiffs will have had an opportunity to evaluate them. Otherwise, the parties will just be stumbling around in the dark.

**II. THERE IS NO SENSE HOLDING A SETTLEMENT CONFERENCE UNTIL AT LEAST A LIMITED FORENSIC EXAMINATION OF THE HARD DRIVES OF DEFENDANTS' COMPUTERS HAS BEEN CONDUCTED.**

Plaintiffs can prove beyond a reasonable doubt that various acts of computer file destruction, impersonation, and mayhem committed against them in violation of various Federal and California criminal statutes[1] were committed by persons with IP addresses that just happen to match the IP addresses uniquely assigned to the Defendants by their Internet Service Providers ("ISP's"). Typically, people in this position claim that someone must somehow have gained access to their IP address (Spanner Decl., ¶4). Only their computer knows for sure, but a forensic examiner can make the computer divulge its secrets – *i.e.,* the forensic expert can determine whether a given computer sent a particular command at a particular time, and can thus confirm that a communication by a person with a particular IP address came from that computer. Plaintiffs do not want to be put in the position at a settlement conference of negotiating with defendants who maintain their innocence, when a simple inspection of their computers by a forensic expert will promptly and definitively resolve that issue. This Court should continue the settlement conference so that the forensic expert can do that work, which should not take very much time in light of the fact that the date and time of the illegal intrusions is known to the second, so he will know exactly where to look.

Finally, before the settlement conference the parties need to know the extent of spoliation. This too can be readily determined by forensic analysis. Plaintiffs are seeking punitive damages, and intentional destruction of evidence for the purpose of winning the case by illicit means and adversely affecting the administration of justice would weigh heavily in any jury's mind, and so must be a material factor in assessing the Defendants' exposure. Moreover, sanctions awards for spoliation can run into the millions of dollars. *Genger v. TR Investors, LLC,* 2011 WL 2802832

---

[1] These criminal statutes also provide for substantial civil recoveries.

Motion to Extend Time                      3
Case No.  11 CV 2248 WHA

1  (Del. Supreme Ct. July 18, 2011).  Spoliation also often gives rise to an adverse inference
2  instruction to the effect that the lost evidence was material, and can even result in the entry of
3  judgment against the spoliator.  *Advantacare Health Partners, L.P. v. Access IV, Inc.,* 2005 U.S.
4  Dist. Lexis 1279 (N.D.Cal. 2005).  The fact of spoliation is highly material to the amount of
5  exposure, and hence to the amount of a settlement.

6      It makes no sense to hold a settlement conference without knowing the answer to these
7  basic issues – there is too much uncertainty to settle.  Moreover, holding the settlement conference
8  prematurely wastes the only mandatory settlement conference the parties are entitled to, and thus
9  works an injustice.

10     In the interest of a negotiated resolution, the settlement conference should be postponed
11 until January, when Defendants will have filed their the cross-claims  and the forensic expert's
12 report on the commission of the crime and spoliation will have been completed.

13 **CONCLUSION**

14     For the reasons set forth herein, this Court is urged to continue the settlement conference to
15 a suitable date in January.

16

17 Dated: Sept. 30, 2011                                  Respectfully submitted,

18                                                                      TRIAL & TECHNOLOGY LAW GROUP
                                                                       A Professional Corporation
19                                                                        Attorneys for Plaintiffs HENRY and
                                                                       CAROLE KLYCE
20

21                                                                        /s/ Robert A. Spanner

22                                                    By: _____
                                                                     Robert A. Spanner

23

24                               **DECLARATION OF ROBERT A. SPANNER**

25     Robert A. Spanner states and declares as follows:

26     1.  I am counsel for Plaintiffs in this action.  This declaration is made on personal
27 knowledge.

28     2.  On September 14, 2011 counsel for all of the parties held their Rule 26 conference and

also discussed the sudden scheduling of a settlement conference.  During that conversation, Chris Ridder, one of the attorneys for Defendant Ellen Klyce, indicated that he would be filing a motion to dismiss, and that after it was resolved he would, in January, be filing cross-claims.

    3. I asked Mr. Ridder if he would disclose his client's cross-claims prior to the settlement conference so that I could familiarize myself with them, but he declined.  I then stated that he was taking advantage of the situation occasioned by the scheduling of the settlement conference before cross-claims had been filed, and he stated that that was exactly right.

    4. It is a well known stratagem in Internet litigation for a defendant (civil or criminal), when fingered by his ISP as having been assigned a certain IP address during a certain time, to claim that someone else must have gained access to his or her IP address.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed this 30th day of September, 2011.

    /s/ Robert A. Spanner

_____
Robert A. Spanner