1   CHRIS K. RIDDER (SBN 218691)
    Email: chris@rcjlawgroup.com
2   BENJAMIN A. COSTA (SBN 245953)
    Email: ben@rcjlawgroup.com
3   RIDDER, COSTA & JOHNSTONE LLP
    12 Geary Street, Suite 701
4   San Francisco, CA 94108
    Tel: (415) 391-3311
5   Fax: (415) 358-4975

6   Attorneys for Defendant
    ELLEN KLYCE,
7

8   ANDREW B. KREEFT (SBN 126673)
    Email: akreeft@brklegal.com
9   BOHNEN, ROSENTHAL & KREEFT
    787 Munras Avenue, Suite 200
10  P.O. Box 1111
    Monterey, CA 93942
11  Tel: (831) 649-5551
    Fax: (831) 649-0272
12
    Attorneys for Defendants
13  KATHERINE KLYCE and ESTATE OF
    JOHN WHEELER
14

15              UNITED STATES DISTRICT COURT FOR THE

16                 NORTHERN DISTRICT OF CALIFORNIA

17                    SAN FRANCISCO DIVISION

18

19
    HENRY A. KLYCE and CAROLE M. KLYCE,    Case No. 11-cv-02248-WHA
20
            Plaintiffs,                     **DEFENDANTS' JOINT OPPOSITION
21                                          TO PLAINTIFFS' MOTION TO
            v.                              CONTINUE THE SETTLEMENT
22                                          CONFERENCE**
    JOHN WHEELER, et. al.,
23                                          The Honorable Bernard Zimmerman
            Defendants.                     Courtroom C, 15th Floor
24                                          450 Golden Gate Avenue
                                            San Francisco, CA 94102
25
                                            Hearing Date:  November 2, 2011
26                                          Hearing Time:  9:00 a.m.

27

28

DEFS.' JOINT OPP'N TO PLS.' MOT. TO                    Case No. 11-cv-02248-WHA
CONTINUE THE SETTLEMENT CONFERENCE

1    Defendants hereby oppose Plaintiffs' Motion to continue the Settlement Conference,

2  [Docket #32, (the "Motion")]. This Opposition is supported by the Declaration of Chris K.

3  Ridder filed concurrently herewith, the papers on record in this case, and such other evidence

4  and arguments as the Court may consider at a hearing on the matter.

5  ## I.   INTRODUCTION

6    Defendants object to any continuation of the settlement conference currently scheduled to

7  be held on November 17, 2011. [*See* Docket #30, September 14, 2011, Order Scheduling

8  Settlement Conference, at 1]. This case concerns an interfamily squabble that does not merit

9  extensive "scorched earth" litigation in federal court. The Klyce family has experienced a great

10  deal of loss (two of the parties' close family members have been murdered; the latest victim is

11  one of the defendants in this action). The family has also experienced substantial internal discord

12  over the past many years; this case represents only the latest unfortunate chapter. In essence,

13  Plaintiffs allege that their sisters[1] accessed Plaintiff Carole Klyce's email account, and deleted

14  and/or sent certain messages therefrom. [Docket #26, First Amended Complaint ("FAC"), at 3-

15  4.] While Defendants take such allegations seriously, even if all of the allegations were true

16  (which Defendants contest) there appear to be virtually no economic damage that would have

17  resulted from such conduct, and there is no allegation or evidence of ongoing harm to Plaintiffs.[2]

18  Despite these facts, Plaintiffs have made clear that they intend to begin seeking costly and

19  burdensome discovery immediately. At the same time, Plaintiffs have refused to discuss

20  settlement in any manner prior to the Settlement Conference that is the subject of the instant

21  Motion. In order to determine whether an early settlement might be possible, Defendants request

22  that the Court deny Plaintiffs' Motion and proceed with the Settlement Conference without

23  delay.

24

25
26  [1] Defendants Ellen Klyce and Katherine Klyce are sisters to Plaintiff Henry Klyce and sisters-in-law to Plaintiff Carole Klyce. The deceased John Wheeler was husband to Defendant Katherine Klyce and brother-in-law to all other parties.
27  [2] Plaintiffs allege that they continue to receive insurance and college admissions solicitations as a result of a "klycehenry@yahoo.com" email account, yet they have identified only one apparent
28  solicitation in their Initial Disclosures. [FAC, ¶ 16; Ridder Decl. Ex. A at 2.]

## II.   PROCEDURAL HISTORY

Plaintiffs filed the initial Complaint in this matter on May 6, 2011, naming only fictitious defendants. [Docket #1, Plaintiffs' Complaint.] On August 25, 2011, Plaintiffs filed their FAC naming the Defendants in this case for the first time. [Docket #26, Plaintiffs' First Amended Complaint.] The Case Management Conference took place eight days later, on September 1, 2011, during which Defendants explained to the Court that this matter appeared to be a family dispute that should be settled promptly, and indicated that they stood ready to discuss settlement options.[3] On September 1, 2011, Plaintiffs requested that Defendants waive personal service of the FAC pursuant to Fed. R. Civ. P. 4, making Defendants' Answer or other response to the FAC due by October 31, 2011. Defendants executed their respective waivers of service on September 2, 2011.

On September 12, 2011, The Honorable William Alsup issued a Case Management Order referring this matter to The Honorable Bernard Zimmerman for mediation and settlement, recommending "an early meeting." [Docket #29, Case Management Order, at 6.] Two days later, on September 14, 2011, Court scheduled the instant Settlement Conference for November 17, 2011. [Docket #30, Order Scheduling Settlement Conference, at 1.]

## III.   ARGUMENT

A.   **Plaintiffs Refuse To Discuss Settlement Absent Judicial Intervention, And An Early Settlement Conference Is Likely To Resolve This Matter In Its Entirety.**

From the outset of their involvement in this matter (a mere six weeks ago) Defendants have been of the firm belief that good faith settlement negotiations should begin in earnest and without delay. [Ridder Decl. ¶ 2.] Defendants have tried a number of times to solicit a settlement demand from the Plaintiffs and have otherwise attempted to discuss settlement informally. [Ridder Decl. ¶ 4.] On each such occasion, Plaintiffs have flatly refused to discuss settlement in any manner. [Id.] In fact, Plaintiffs have made it clear that they will not discuss settlement until

---

[3] Indeed, counsel for Defendants had attempted to arrange to confer with Plaintiffs' counsel regarding settlement following that very conference, though Plaintiffs' counsel left before such discussions could take place.

1  the Settlement Conference currently scheduled for November 17. [Id.] For that reason alone,

2  Defendants believe it is important that the Settlement Conference take place without delay.

3      Instead of engaging in good faith settlement negotiations that could expeditiously resolve

4  this matter, Plaintiffs seem intent on pursuing costly and burdensome discovery and forensic

5  examinations, despite the fact that Plaintiffs apparently believe they are already in a position to

6  "prove beyond a reasonable doubt" that "various acts of computer file destruction, impersonation

7  and mayhem" occurred, and that people using IP addresses assigned to the Defendants were

8  responsible. [Mot. at 2].[4]

9      This case appears to involve minimal damages. Accordingly, it makes no economic (let

10  alone moral) sense to litigate this case or to burden Defendants with onerous discovery for any

11  longer than necessary. That the case involves minimal damages is clear at least in part from

12  Plaintiff's Initial Disclosures, which list Plaintiff's computation of damages as follows:

13      Attorneys fees: $85k

14      Technical Assistance: $5k

15      Emotional Distress Damages

16      Punitive Damages

17  [Ridder Decl. Ex. A at 2 (Plaintiffs Initial Disclosures).[5]] The lack of harm is also clear

18  from the face of the FAC: what is alleged is, in essence, that (i) one of the Plaintiffs' email

19  accounts was accessed by her sisters-in-law, who deleted some of the email and/or sent some

20  email from the account, and (ii) that another of the Plaintiffs was signed up for some mailing

21  lists. Defendants do not intend to minimize the allegations, and are willing to consider a

22  reasonable computation of Plaintiffs' damages. But Plaintiffs have had over five months to

23  evaluate and document their damages in this case, and thus far have come up with nothing more

24  than an attorneys' fee figure (it is unclear whether the figure includes future fees or not) and the

25  ─────────────

26  [4] Plaintiffs have not as yet provided Defendants with any evidence to suggest that such acts occurred, or when they occurred. Nevertheless, Defendants believe that early settlement discussions are appropriate at this time.

27  [5] Plaintiffs' Initial Disclosures were due on September 30, 2011 "on pain of preclusion" [Docket #29, Case Management Order, at 1], but were not served until October 5, 2011. Defendants do

28  not herein waive any arguments they may have about the preclusive effect of such delay.

$5,000 in technical assistance that Plaintiffs are required by law to plead as a jurisdictional amount for their Computer Fraud and Abuse Act claim.

This is a case that should settle on relatively modest terms – even if every allegation in the FAC were true, and even if Defendants were without meritorious counterclaims and/or defenses. Defendants certainly do not concede those points here. However, Defendants believe that if a reasonable settlement can be reached under those assumption, this case simply does not merit further protracted litigation.

Defendants have no desire to air their family's dirty laundry in federal court, and hope that Plaintiffs share the same view. The parties should discuss settlement in earnest before the personal and financial costs of litigating this matter far outstrip its settlement value.

B.    **Plaintiffs' Stated Reasons To Continue The Conference Are Unpersuasive.**

1.    **Defendants Are Not "Withholding Disclosure Of Their [Counterclaims] Until The Day Of The Settlement Conference."**

As an initial matter, Plaintiffs' Motion consistently refers to "cross-claims." As discussed above, Defendants do not anticipate bringing any cross-claims in this action and have made that clear to Plaintiffs. [Ridder Decl. ¶ 5.] Accordingly, Defendants assume for purposes of this Opposition that Plaintiffs are in fact referring to any "counterclaims" that Defendants may bring against Plaintiffs, or against either Plaintiff individually.

The Defendants are in the process of investigating their defenses to the allegations in the FAC, as well as any counterclaims they may bring in this case. The Defendants have been consistent in their discussions with the Plaintiffs on this matter – Defendants have told Plaintiffs that Defendants are working to identify any counterclaims they may have and will endeavor to share such information with Plaintiffs as soon as is practicable. [Ridder Decl. ¶ 6.]

Moreover, the Court has ordered the parties to serve on each other "no later than seven calendar days prior to the [settlement] conference . . . [a] brief statement of the claims and defenses . . ." [Docket 30, at 2.] Accordingly, Plaintiffs will have a brief statement of Defendants' counterclaims and defenses by at least that date. The parties discussed this on

1    September 30, before Plaintiffs filed their Motion. [Ridder Decl. ¶ 7.] While Plaintiffs have been

2    prosecuting this case for months – the initial Complaint was filed in May – Defendants are still

3    new to the case and are getting their bearings. Defendants have no interest in "sandbagging"

4    Plaintiffs – Defendants have been working diligently to address Plaintiffs' preservation and

5    discovery proposals, to respond appropriately to the FAC, to investigate the facts, and to prepare

6    for the instant Settlement Conference in good faith.

7         In their Motion, Plaintiffs have substantially mischaracterized the discussions between

8    the parties.[6] Specifically, Plaintiffs argue that Defendants said during the parties' September 14,

9    2011, Rule 26 conference that Defendants would be filing a motion to dismiss. [Mot. at 2.]

10   Defendants never said any such thing during that conference or at any other time. [Ridder Decl.

11   ¶ 8.] Defendants have consistently stated that a motion to dismiss is an option they are

12   evaluating; they are also in the process of evaluating counterclaims and defenses. [Ridder Decl.

13   ¶¶ 6, 8.][7] In any event, there is no reason that a pending motion to dismiss should delay

14   settlement discussions, particularly given the fact that the Court has permitted early discovery to

15   proceed prior to such motion to dismiss, and prior to the date on which an Answer is due.

16        Defendants also never said that they would file an Answer in January: *Plaintiffs*

17   suggested that an Answer would be due in January if Defendants moved to dismiss, but

18   Defendants did not agree with Plaintiff's suggestion. Indeed, if Defendants filed a motion to

19   dismiss the FAC, and if such motion were denied, an Answer would be due within 14 days after

20   notice of the Court's action – a date that cannot currently be calculated. [Ridder Decl. ¶ 9.] *See*

21   *also*, Fed. R. Civ. P. 12(a)(4).

22        Most outrageous, Plaintiffs' counsel says in his declaration that "I then stated that

23   [Defendant Ellen Klyce's counsel] was taking advantage of the situation occasioned by the

24   scheduling of the settlement conference before cross-claims had been filed, and he stated that

25   that was exactly right." This is simply not what happened. [Ridder Decl. ¶ 10.] Defendant Ellen

26   _____

27   [6] Plaintiffs also mischaracterized the extent of their meet and confer efforts with respect to the
     instant Motion and with regard to their motion to shorten time. [See Ridder Decl. 11.]

28   [7] At the time of this filing, Defendants are still undecided regarding a motion to dismiss, but
     leaning in that direction. [Ridder Decl. ¶ 8.]

1   Klyce's counsel told Plaintiffs' counsel: (i) that by the time the instant Settlement Conference
2   occurs on November 17, Defendants would have either answered or filed a motion to dismiss;
3   (ii) that Defendants would endeavor to apprise Plaintiffs of claims and defenses in good faith
4   prior to the Settlement Conference; (iii) that even if Defendants were not able to provide as much
5   detail as Plaintiffs might like at that time, an early settlement conference would still be very
6   valuable for the parties. [Id.] It is not possible, in Defendants' view, to "take advantage" of the
7   settlement conference other than by "taking advantage" of the opportunity to frankly discuss
8   settlement with Plaintiffs – something Plaintiffs are completely unwilling to do absent judicial
9   intervention.
10          Defendants do not believe in making a federal case out of a family squabble. Therefore,
11   although Plaintiffs may have committed legally actionable wrongs against Defendants,
12   Defendants plan to raise such issues defensively and are willing to forego vigorous pursuit of
13   such counterclaims if a prompt settlement can be reached. Defendants believe that all the parties
14   to this action should agree, sooner rather than later, to set aside their differences, move on with
15   their lives, and settle this matter on reasonable terms.

16          2.      **A Forensic Examination Is Not Necessary Before Any Settlement Discussions Can Take Place.**
17

18          Plaintiffs claim that they can "prove beyond a reasonable doubt" the "violation of various
19   Federal and California criminal statutes" by persons in possession of certain IP addresses
20   assigned to defendants. [Mot. at 3.] At least four times in the six weeks Defendants have been
21   involved in this matter, Plaintiffs have gone out of their way to highlight the criminal nature of
22   the claims they have brought, even though this is a civil case. [Ridder Decl. ¶ 12.] Accordingly,
23   Defendants are considering whether to invoke the Fifth Amendment with respect to forensic
24   examinations (should there be a valid basis for Plaintiffs to request them) or other discovery. Yet
25   there is no reason that this possibility should deprive the parties (and the Court) of the potential
26   to settle the case early: the forensic examinations proposed by Plaintiffs are simply not a
27   necessary prerequisite to settlement discussions.
28

1    In any event, at this stage of the proceedings Plaintiffs have neither formally requested,

2    nor articulated a basis for obtaining, the examinations they describe. Plaintiffs argue, with no

3    support whatsoever, that a forensic examination would "determine whether a given computer

4    sent a particular command at a particular time." [Mot. at 3.] Plaintiffs have not described what

5    sort of "command" they might be looking for, nor have they provided any suggestion that

6    evidence of such a command is capable of being found by the examination they propose.

7    Computers do not log every keystroke and command that is entered into them, and Plaintiffs

8    should not be permitted, at the outset of the case and before Defendants have even had an

9    opportunity to respond to the FAC, to conduct a poorly conceived forensic fishing expedition

10   through Defendants' computers.

11   Perhaps more important, Plaintiffs focus entirely on one specific defense that (according

12   to Plaintiffs) some defendants choose to bring in some cases. In this case, Defendants may, and

13   likely will, assert a great many defenses to the asserted claims – any one of which may ultimately

14   demonstrate their lack of liability. Plaintiffs have not explained why they are so focused on this

15   one possible defense, which Defendants may or may not raise.

16   Plaintiffs' interest in "spoliation" at this stage of the case is likewise bizarre. Despite the

17   fact that Plaintiffs have no basis whatsoever to allege that any spoliation has occurred, one of

18   Plaintiffs' first steps in this case is to seek a forensic examination to look for spoliation, and to

19   refuse to discuss settlement until such examination has been completed. [Mot. at 3-4]

20   Defendants have worked hard to ensure that no spoliation will occur in this case. [Ridder

21   Decl. ¶ 13.] At the outset of the case, Defendants immediately took measures to preserve

22   Defendants' computers and associated data, and discussed those efforts with Plaintiffs. [Id.]

23   Defendants have no reason whatsoever to believe that any spoliation has occurred. [Id.] Plaintiffs

24   should not be permitted to go on a fishing expedition through all of Defendants' computers at the

25   outset of the case so that they can search for evidence of spoliation in the absence of any basis to

26   do so – and they certainly should not be permitted to avoid discussing settlement until such an

27   investigation (if it is ever formally requested by Plaintiffs and subsequently authorized by the

28   Court) is completed.

1   Plaintiffs' argument that they might find spoliation on their fishing expedition and

2   thereby obtain "millions of dollars" in sanctions, [Mot. at 3] – thereby dramatically affecting the

3   settlement value of the case – is, at best, ridiculous.

4   Finally, Plaintiffs suggest that the currently-schedule Settlement Conference is "the only

5   mandatory settlement conference the parties are entitled to." [Mot. at 4]. Defendants would

6   request that, if the case does not settle promptly following November 17, the parties be permitted

7   to schedule a second Settlement Conference later in the case.

8   Defendants believe that an early settlement conference on November 17 is essential to

9   determine whether it is possible to resolve this matter quickly, before the expense of litigation far

10  outstrips the value of Plaintiffs' claims. When the Court recommend an "early meeting" to

11  discuss settlement, less than three weeks after Defendants were first named in this action, it

12  likely did not expect that the case would be fully developed before such a meeting occurred. The

13  parties would benefit greatly from the Court's guidance, and from good faith settlement

14  discussions, as soon as practicable.

## IV.  CONCLUSION.

16  For the reasons set forth above, Defendants' request that the Court deny Plaintiffs'

17  Motion and retain the current Settlement Conference date of November 17, 2011.

18

19  Dated: October 13, 2011

20

21  By:___/s/ Chris K. Ridder_____           ___/s/ Andrew B. Kreeft_____

22      CHRIS K. RIDDER (SBN 218691)              ANDREW B. KREEFT (SBN 126673)
        Email: chris@rcjlawgroup.com              Email: aKreeft@brklegal.com

23      BENJAMIN A. COSTA (SBN 245953)            BOHNEN, ROSENTHAL & KREEFT
        Email: ben@rcjlawgroup.com                787 Munras Avenue, Suite 200

24      RIDDER, COSTA & JOHNSTONE LLP             P.O. Box 1111
        12 Geary Street, Suite 701                Monterey, CA 93942

25      San Francisco, CA 94108                   Tel: (831) 649-5551
        Tel: (415) 391-3311                       Fax: (831) 649-0272

26      Fax: (415) 358-4975

27      Attorneys for Defendant ELLEN KLYCE       Attorneys for Defendants KATHERINE

28                                                KLYCE and ESTATE OF JOHN WHEELER

1

## DECLARATION OF SERVICE

2          I, Benjamin A. Costa, hereby declare:

3

4          I am over eighteen years of age and not a party to the within cause. My business address

5   is 12 Geary Street, Suite 701, San Francisco, CA 94108. Pursuant to Federal Rule of Civil

6   Procedure 5(b), I hereby certify that I am a representative of Defendant Ellen Klyce and that on

7   this 13th day of October, 2011, I caused the DEFENDANTS' JOINT OPPOSITION TO

8   PLAINTIFFS' MOTION TO CONTINUE THE SETTLEMENT CONFERENCE to be served

9   by the Court's CM/ECF system.

10

11          I declare under penalty of perjury that the foregoing is true and correct. Executed on

12   October 13, 2011, at San Francisco, California.

13

14                                              RIDDER, COSTA & JOHNSTONE LLP
                                                By:____/s/ Benjamin A. Costa_____
15                                              Benjamin A. Costa
                                                State Bar No. 245953
16                                              12 Geary Street
                                                Suite 701
17                                              San Francisco, CA 94108

18                                              Attorneys for Defendant Ellen Klyce

19

20

21

22

23

24

25

26

27

28