TRIAL & TECHNOLOGY LAW GROUP
A PROFESSIONAL CORPORATION
ROBERT A. SPANNER SBN 60308
3723 HAVEN AVENUE #132
MENLO PARK, CA 94025
PHONE: (650) 324-2277
FAX: (650) 324-0178
email - ras@techtriallaw.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| | |
|---|---|
| HENRY KLYCE and CAROLE KLYCE, | CASE NO. 11 CV 02248 WHA (BZ) |
| Plaintiffs, | **PLAINTIFFS' REPORT TO MAGISTRATE JUDGE REGARDING INSPECTION PROTOCOL** |
| v. | |
| JOHN WHEELER, *et. al.,* | |
| Defendants. _____/ | |

I. **INTRODUCTION**

The instant action was served on the Defendants on or about September 4, 2011. A settlement conference was scheduled about a week later, to be held on November 17, 2011. The Court cautioned the parties that:

> It is the responsibility of counsel to ensure that whatever discovery is needed . . . to evaluate the case for settlement purposes is completed by the date of the settlement conference. *Counsel shall cooperate in providing discovery informally and expeditiously* (emphasis added). [DOC 30]

Plaintiffs immediately moved for a continuance on September 30, 2011, on the ground that they would be prejudiced by a settlement conference being held before they had been able to conduct even the most abbreviated forensic inspection[1].

---

[1] Plaintiffs sought to ascertain: 1) the status of spoliation, and 2) whether certain log-ins to Plaintiffs' email accounts originated from Defendants' computers.

1  This Court denied Plaintiffs' motion on October 18, 2011 solely on the ground that
2  "Plaintiffs have made no showing that they cannot complete their forensic examination before
3  November 17, 2011", because "it appears that . . . defendants are willing to allow inspection",
4  and the Court re-emphasized the duty to provide discovery "informally and expeditiously."
5  [DOC 42].
6  The Court concluded by instructing Plaintiffs' counsel to advise the Court by October 24,
7  2011 "if the parties cannot agree on an inspection protocol." Plaintiffs do so advise the Court.
8  The differences between the parties are fundamental and irreconcilable, as the enumeration of
9  disagreements below reflects.

10 **II.    THE PARTIES' DISAGREEMENTS**

11  Plaintiff proposed a forensic inspection protocol to Defendants' counsel on October 21,
12  2011 (Exh. 1 hereto). Mr. Ridder, opposing counsel for Ellen Klyce, promptly replied the next
13  day. The first disagreement between the parties arises from opposing counsel's position with
14  respect to the finding of the Court that the defendants were amenable to inspection of their
15  computers. In making this finding, Mr. Ridder pronounced, "the Court was mistaken". In fact,
16  he avers, "defendants are not and never were willing to allow the inspections you have proposed
17  at this stage of the case" (Exh. 2, ¶1). Plaintiffs, on the other hand, believe that "this stage of the
18  case" is a late stage – the settlement conference stage – and not, as Defendants suggest, the
19  beginning of the case. Plaintiffs also believe that there is at least an implicit understanding, in
20  this and every case, there is a duty to cooperate in informal discovery for the purpose of holding a
21  settlement conference, and that they have made an adequate showing why the information they
22  seek is relevant and necessary. Plaintiffs also question the power of the Defendants to even
23  contradict a court's finding and disregard an order to facilitate discovery, especially when to do
24  so greatly disadvantages Plaintiff in a settlement conference. The difference of opinion on this
25  issue is fundamental and irreconcilable.
26  Mr. Ridder also enumerates in his email a number of objections to the text of the
27  proposed protocol. First, he says the inspection should be conducted by a court-appointed expert,
28  rather than an expert engaged by Plaintiffs (second ¶1). Plaintiff objects to this proposed

provision because Plaintiffs attempted for weeks to persuade Mr. Ridder to agree to a court-appointed neutral expert, but by an email dated October 10, 2011, he refused to sign an order of appointment, on the alleged ground that he saw no need for a forensic expert.  Second, Mr. Ridder demands that the forensic expert's findings be shared with the defendants (¶3).  Plaintiffs do not agree with this proposal either, since the Defendants are not paying for the forensic expert's services, and since the retention of the forensic expert is a retention by the Plaintiffs alone.  Third, Mr. Ridder insists that Plaintiffs' computers also be imaged in preparation for the settlement conference  (¶4).  Plaintiffs disagree with this proposal, because Defendants have made no showing (as Plaintiffs did) what would be accomplished by this *for purposes of the settlement conference.*  Fourth, Mr. Ridder demands that all relevant documents discovered by the forensic expert be provided first to himself, so that he can cull out what he doesn't want Plaintiffs to see – not just a privilege review, but also a relevance review, with defense counsel the arbiter of what is relevant (¶10).  This is, of course, unacceptable to the Plaintiffs.

The foregoing report does not purport to be a comprehensive enumeration of all the differences between the parties regarding an inspection protocol.  It serves only to illustrate the basis for the conclusion that the parties cannot agree on the terms of an inspection protocol.

Dated Oct. 23, 2011

TRIAL & TECHNOLOGY LAW GROUP
A Professional Corporation
Attorneys for Plaintiffs
HENRY and CAROLE KLYCE

By: _____/s/ Robert A. Spanner_____
     Robert A. Spanner