# EXHIBIT 1

TRIAL & TECHNOLOGY LAW GROUP
A PROFESSIONAL CORPORATION
ROBERT A. SPANNER SBN 60308
3723 HAVEN AVENUE #132
MENLO PARK, CA 94025
PHONE: (650) 324-2223
FAX: (650) 233-2790
email - ras@techtriallaw.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| | |
|---|---|
| HENRY KLYCE and CAROL KLYCE, | CASE NO.  11 CV 02248 WHA |
| Plaintiffs, | **[PROPOSED] FORENSIC PROTOCOL** |
| v. | |
| JOHN WHEELER, *et. al.,* | |
| Defendants. | |

On October 18, 2011 this Court, upon a finding that the Defendants were willing to allow inspection of their clients' computer drives, and that the Court had directed counsel in its Order Scheduling Settlement Conference to cooperatively provide such discovery as was necessary for the settlement conference, directed the parties to agree to an inspection protocol by October 24, 2011.  Pursuant to this directive, the parties agree as follows:

    1.  Winston Krone and Kivu Consulting, Inc. ("Kivu") have been engaged by Plaintiffs to provide expert forensic services to Plaintiffs.

    2.  Kivu. personnel will pick up Defendants' computers and any associated storage media from defense counsel.

    3.  Kivu shall make forensic mirror images of the hard drives and associated storage media which Defendants' counsel represent are in their possession, and verify the absence of duplication error by use of an MD5 Hash, and thereafter will promptly return the original computers and storage media to defense counsel.

4. Kivu will make no alterations to the computers and storage media, and will conduct its examination and analysis upon the mirrored drives.

5. Kivu's inspection and analysis will be limited as follows:

    1. Identification of deletions which may be indicative of evidence destruction;

    2. determining when the computers were first and last used by each Defendant;

    3) determining when the subject computers were last formatted;

    4) determining whether any destructive programs, such as wiping or file erasure programs or utilities, were used on the subject computers or media

    5. determining whether log-ins to Carole and Henry Klyce's email accounts originated from the subject computers.

This information and data is referred to herein as "the Subject Information".

6. It is understood and agreed that it is not the purpose of Kivu's analysis to comprehensively identify all instances regarding the Subject Information,, but only to ascertain that such evidence does exist. The inspection and analysis referred to herein is without prejudice to Kivu subsequently conducting a more comprehensive search for the Subject Information.

7. Kivu personnel will make no disclosures to Plaintiffs' counsel of any information or data found on the aforementioned computers and storage media other than the Subject Information.

8. Kivu personnel will make no disclosures to Defendants' counsel of the Subject Information.

9. Upon settlement of this action in its entirety, or final judgment in this action (including all available appeals) all imaged material will be returned to Defendants' counsel.

10. Kivu personnel will execute a confidentiality agreement memorializing its duties, rights, and obligations herein.

11. The foregoing inspection of the Subject Information shall in no manner or degree affect or abridge Plaintiffs' right to conduct discovery thereafter.