1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11   HENRY KLYCE and CAROLE          )
     KLYCE,                          )
12                                   )      No. C 11-2248 WHA (BZ)
                                     )
13            Plaintiff(s),          )      **ORDER RE FORENSIC INSPECTION**
                                     )      **PROTOCOL**
14       v.                          )
                                     )
15   JOHN WHEELER, et al.,           )
                                     )
16                                   )
              Defendant(s).          )
17                                   )
     _____)
18

19            This matter is currently scheduled for a settlement

20   conference before me on November 17, 2011.  Plaintiffs filed a

21   motion to continue the settlement conference based in part on

22   their representation that they needed more time to permit a

23   forensic examination of Defendants' computers. (Docket No.

24   32.)  I denied that request on the grounds that there was no

25   reason given for why the forensic inspection could not take

26   place prior to the scheduled settlement conference,

27   particularly in light of the fact that Defendants appeared to

28   be willing to permit the inspection to take place.  (Docket

                                   1

1    No. 41.)

2         Plaintiffs have now filed a status report informing the

3    court that the parties have not been able to reach agreement

4    on an inspection protocol.  (Docket No. 43.)  In response,

5    Defendants filed a brief stating that they have never agreed

6    to a forensic examination, and that my finding that they had

7    consented to a forensic examination was in error.  (Docket No.

8    44 p. 2.)  In fact, the basis for my statement that Defendants

9    are not objecting to a forensic inspection is contained in the

10   declaration of Chris Ridder, counsel for Defendants, filed in

11   support of Defendants' opposition to Plaintiff's motion to

12   continue the settlement conference (Docket No. 39.).  There,

13   Mr. Ridder states: "... Defendants have made substantial

14   efforts to ensure that evidence is preserved ... at least

15   counsel for Defendant Ellen Klyce secured Ms. Klyce's

16   computers ... and is holding them, sequestered and unused, in

17   counsel's office to prevent any spoliation or alteration of

18   evidence *until such time as they can be forensically imaged*

19   *according to a protocol that Plaintiffs' counsel will agree*

20   *to.*"  (Docket No. 39 ¶ 13 (emphasis added).)  I read this to

21   mean that Defendants are prepared to permit forensic imaging

22   of their computers.

23        Accordingly, I hereby **ORDER** that Defendants permit

24   Plaintiffs to forensically image the hard drives of their

25   respective computers according to the following protocol:

26        1.    Defendants' counsel forthwith will produce the

27   hard drives at its office to enable Winston Krone and Kivu

28   Consulting, Inc. ("Kivu Consulting"), a forensic expert

                                 2

retained by Plaintiffs, to create an image of the hard drives.

2. Kivu Consulting shall make forensic mirror images of the hard drives and be permitted to verify the absence of duplication error by use of an MD5 Hash ("preliminary examination"). The imaging and preliminary examination shall not invade the contents of Defendants' private material on the hard drive, including personal correspondence and financial data.

3. The imaging and preliminary examination shall be conducted at the offices of defense counsel, unless Kivu Consulting concludes that it must be done at its offices. Defendants' counsel, or a representative of Defendants' counsel, and Defendants may be present for the entire imagining and preliminary examination of the hard drives.

4. After the images of the respective hard drives are created and the preliminary examination is complete, the original computers shall be promptly returned to Defendants and the imaged hard drives shall be sealed by Kivu and retained under seal by counsel for Defendants until by stipulation or by way of motion the parties arrange for further examination of the imaged hard drives for the purposes of this litigation or any appeal.

5. Kivu Consulting shall make no alterations to Defendants' computers and will conduct its preliminary examination upon the mirrored drives only.

6. Kivu Consulting's preliminary analysis shall be limited as follows:

     a. Identifying deletions which may be indicative

1 ·of evidence destruction;

2         b.    Determining when the computers were first and

3               last used by each Defendant;

4         c.    Determining when the subject computers were

5               last formatted;

6         d.    Determining whether any destructive programs,

7               such as wiping or file erasure programs or

8               utilities, were used on the subject computers

9               or media;

10         e.    Determining whether log-ins to Carole and Henry

11               Klyce's email accounts originated from the

12               subject computers.

13     7.    Kivu Consulting's analysis shall be limited to

14 ascertaining whether such evidence exists and shall not

15 comprehensively identify all instances regarding the above-

16 listed information.  Should Plaintiffs desire to perform a

17 more comprehensive analysis of the imaged hard drives, it

18 shall do so only by way of stipulation or by further order of

19 the court.

20     8.    Kivu Consulting personnel will make no disclosures

21 to Plaintiffs' counsel of any information or data found on the

22 aforementioned computers other than the information listed

23 above.

24     9.    Defendants shall be entitled to learn of the

25 results of the preliminary examination and whether Kivu

26 Consulting found any information or data listed above on the

27 imaged hard drives.

28     10.    Kivu Consulting shall execute a formal

4

confidentiality agreement memorializing its duties, rights and obligations consistent with the terms set forth in this order.

This protocol is modeled after the forensic inspection protocol issued by Judge Alsup in Case No. 07-1802, Docket No. 46.

Dated: November 3, 2011

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\KLYCE FORENSIC INSPECTION PROTOCOL.wpd